Letter to the Secretary of the Disciplinary Board,
This letter is written to you on behalf of Hearing Committee [ ] and pursuant to Disciplinary Board Rule 89.181 with respect to abbreviated procedure in connection with the captioned matter. Attached to this letter is a copy of Form DB-43 executed by the members of the hearing committee, respondent, counsel for respondent and Assistant Disciplinary Counsel.
This matter came before Hearing Committee [ ] pursuant to a petition for discipline filed on January 8, 1990 charging respondent with violating Disciplinary Rules 1-102(A)(6), 2-103(A) and 2-103(E). An answer to petition for discipline and request to be heard in mitigation were filed by respondent on February 1, 1990, and this matter was first heard before this disciplinary committee on March 29, 1990. Subsequently, pursuant to scheduling by the Office of the Secretary, the hearing was continued on June 26, 1990.
Inasmuch as the parties have agreed to proceed under Disciplinary Board Rule 89.181, the following is submitted as a brief summary of the case, together with the recommended disposition by the hearing committee.
*322 Respondent, [ ], was born in 1938, admitted to practice law in the Commonwealth of Pennsylvania in 1963 and maintains his professional office at [ ]. On or about March 2, 1987, respondent caused approximately 257 applications for appeal from tax assessments to be filed with the [ ] County Board of Property Assessment, Appeals and Review on behalf of owners of small properties in the first and second wards of the City of [ ]. Concurrent and subsequent to the filing of such appeals, respondent made individual personal contacts with such owners and organized block meetings of such owners to expound on his views that the appeals of tax assessments should be filed on behalf of the property owners and that he would undertake such appeals as legal counsel for anyone interested therein. Respondent had obtained prior specific authorization for such appeals from only about 60 property owners involved, leaving nearly three-fourths of those appeals filed by respondent absent any specific authorization from the owners.
Since the conduct that is the subject of this matter occurred before March 31, 1988, such conduct was governed by the Disciplinary Rules of the Code of Professional Responsibility. Specifically, violations of Disciplinary Rules 1-102(A)(6), 2-103(A) and 2-103(E) were alleged by the Office of Disciplinary Counsel. The hearing committee found prima facie evidence of violations of D.R. 2-103(A) and D.R. 2-103(E) and did not conclude that there was any violation of D.R. 1-102(A)(6).
The seminal issue in this case is whether respondent’s activities constituted permissible attorney advertising, as he contended, or prohibited solicitation for employment to a non-lawyer. Respondent maintained that he had approached the Board of Appeals which indicated he was permitted to file *323 appeals without express authority from individual taxpayers/property owners. Respondent argued that he was simply following the informal administrative agency rules, and hence, his conduct would not be in violation of the Disciplinary Rules. Further, respondent’s counsel articulately argues that all of respondent’s actions concerning his self-recommendation were proper because they were not effectively prohibited at the time as a result of Spencer v. Honorable Justice of the Supreme Court of Pennsylvania, 579 F.Supp. 880. The hearing committee found the Spencer case inapposite inasmuch as petitioner’s conduct did not raise itself to the level of permissible advertising. Rather, petitioner took it upon himself to begin an action on behalf of individuals for whom he had not been authorized, and subsequently contacted those individuals to recommend his employment in the matter using a form of power of attorney (copies attached) which would confirm his appointment as counsel. By filing the tax appeals first, and subsequently contacting the prospective clients, respondent’s activity constituted a recommendation of employment to a non-lawyer who had not sought his advice. (Ethical Considerations 2-2 and 2-4 are instructive in resolving this matter.)
Respondent further argued that inasmuch as the Board of Appeals permitted the filing of unauthorized appeals pursuant to their informal rules, he was simply following administrative agency rules. Clearly, respondent’s legal theory was not frivolous, and he did follow the informal administrative agency rules. However, respondent would have you believe that the precedent of the administrative agency should be controlling over his conduct as a professional; whereas, more appropriately, a lawyer is held to the Disciplinary Rules of the court estab *324 lished for his profession, not the informal rules of some administrative agency.
There was no evidence presented that respondent had intended to deceive or misrepresent any matters in his self-recommendation of employment to the property owners by virtue of the appeals he filed with the Board of Appeals. Respondent argues that the Pennsylvania Supreme Court order issued on April 26, 1984 temporarily suspending D.R. 2-103(A) otherwise permits truthful advertising within the confines of Spencer. The Pennsylvania Supreme Court subsequently rescinded its suspension order and left D.R. 2-101(A) in effect to the extent that such conduct by a lawyer did not constitute permissible advertising. The Supreme Court, however, did not exempt in-person solicitation by self-recommendation. As the facts in this matter show, the respondent began an unauthorized action on behalf of clients, and subsequently made the contact recommending himself for employment. Although there may be no deceit or misrepresentation involved, this clearly does not constitute otherwise permissible advertising.
Accordingly, Hearing Committee [ ] found prima facie evidence that respondent was in violation of D.R. 2-103(A) and 2-102(E) and did not find respondent’s conduct to be in violation of D.R. 1-102(A)(6).

Hearing Committee Determination (Verdict and Recommendation) Under Abbreviated Procedure

And now, pursuant to Rule 208(c)(1) of the Pa.R.D.E. (section 89.181 of the Disciplinaiy Board Rules) following the conclusion of a hearing on the above-captioned matter, the hearing committee an *325 nounces to the parties to the hearing their determination as follows:
Violation(s) of the following disciplinary rules have been determined:
(a) D.R. 2-103(A)
(b) D.R. 2-102(E)
(c) No violation of D.R. 1-102(A)(6) is found.
And the appropriate discipline, if any, recommended by the hearing committee is therefore:
Informal Admonition
This notice is herewith handed to the parties with the directive that they endorse their decision in regard to it and return to the chairman within five days hereof.
ORDER
And now, October 2, 1990, upon consideration of the report and recommendation of Hearing Committee [ ] filed August 30, 1990, pursuant to section 89.181 of the Disciplinary Board Rules, and there being no exceptions filed; it is hereby ordered that the said [respondent] of [ ] County be subjected to informal admonition by Disciplinary Counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by respondent.